# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7076 | **DATE** | 3/31/2004 |
| **CASE TITLE** | USA vs. Crenshaw | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Crenshaw's motion for return of property (Doc. 3-1) is granted with respect to those items the government has agreed to return; denied with respect to contraband, weapons, and/or ammunition; and dismissed without prejudice with respect to the cash and property. Crenshaw's motion to supplement (Doc. 14-1) is granted; his motion to strike the government's second supplemental response (Doc. 21-1) is denied. Crenshaw is directed promptly to notify the United States Attorneys' office of the name, address, and contact information of his designee for the return of property. This court will retain jurisdiction to ensure enforcement of its order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 31 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 23 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 3/31/2004 date mailed notice | |
| ETV | courtroom deputy's initials | Date/time received in central Clerk's Office | ETV mailing deputy initials | |

# UNITED STATES DISTRICT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) No. 02 C 7076 | |
| | ) | |
| BRYAN CRENSHAW | ) Judge Rebecca R. Pallmeyer | |

DOCKETED
MAR 3 1 200

## MEMORANDUM OPINION AND ORDER

Bryan Crenshaw, who is currently serving a life sentence on a narcotics-trafficking conviction, has filed this motion for return of property seized at three different locations pursuant to a warrant on May 23, 1997. After lengthy delay, the government has now responded substantively to this motion. For the reasons set forth here, the court concludes that some of the items should now be returned, while others properly remain within the custody of the United States.

## DISCUSSION

As a general matter, a person whose property is seized is entitled to its return after criminal proceedings have terminated. *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990); *see also United States v. Silva*, No. 00 C 3597, 2001 WL 1497782, 26 Fed. Appx. 544, 547 (7th Cir. 2001) (unreported opinion). Seizure of property from someone is *prima facie* evidence of that person's entitlement to it, *United States v. Maez*, 915 F.2d 1466, 1468 (10th Cir. 1990); *see also Silva*, 26 Fed. Appx. at 547, and an individual whose property has been seized is presumed to have a right to its return absent a showing by the government that it has a legitimate reason to retain the property. *See In re Search of the Office of Tylman*, 245 F.3d 978, 980 (7th Cir. 2001); *Interstate Cigar Co. v. United States*, 928 F.2d 221, 224 (7th Cir. 1991). Motions for the return of property after criminal proceedings are routinely treated as civil equitable proceedings, whether they are filed under Federal Rule of Criminal Procedure 41(g) or as a civil suits challenging administrative forfeiture proceedings. *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004); *United States*

23

v. Duke, 229 F.3d 627, 629 (7th Cir. 2000.)[1] The court construes Crenshaw's motion as a civil filing in which the burden is on the government to explain why its continued retention of the seized property is reasonable. Interstate Cigar, 928 F.2d at 224. Purposes for the continued retention of the property that are reasonable include demonstrating that the property is contraband or showing a specific nexus between the property and a continuing criminal investigation. Id.

On May 23, 1997, pursuant to search warrants issued by this court, law enforcement agents seized property at three locations: the offices of Applied Digital, Inc., 347 East 79th Street, Chicago, Illinois; Bryan Crenshaw's residence at 5652-54 South Calumet, 2nd Floor, Chicago, Illinois; and Crenshaw's residence at 6741 South Jeffrey, Apt. 2C, Chicago, Illinois. In its Supplemental Response to Bryan Crenshaw's Motion for Return of Property ("Supp. Resp."), the government has provided a detailed inventory of the items seized at each location, consisting generally of firearms and ammunition; three kilograms of cocaine, as well as scales, drug paraphernalia, and drug packaging material; two sets of keys; papers; cash; two pagers, a cellular programming device and dozens of cell phones; computers, computer equipment, and computer disks; and a 1992 Buick Roadmaster vehicle.

The government generally does not object to return of certain property to Crenshaw through a designee but notes, correctly, that as a convicted felon, Crenshaw is prohibited by law from possession of firearms. Under 18 U.S.C. § 922(g)(1), it is "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition[.]" Because Crenshaw is a convicted felon, this court will not order the return of firearms or ammunition to Crenshaw or to any third party designated by him. See United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000)

---

[1] Crenshaw's motion for return of property was filed as part of his post-conviction filing pursuant to 28 U.S.C. § 2255, rather than as an independent civil action; to this court's knowledge, he has not paid a separate filing fee.

2

(a court may not return a convicted felon's firearms to a third-party because section 922(g) prohibits felons from both actual or constructive possession of firearms).

The government contends that the cocaine, scales, and drug paraphernalia are considered contraband, and Crenshaw does not dispute this. *Cf. United States v. Felici*, 208 F.3d 667 (8th Cir. 2000) (drug-related materials are not "contraband per se" and a petitioner may be entitled to an evidentiary hearing to demonstrate that the materials were not used for the manufacture, storage or transportation of controlled substances). Those materials will also not be ordered returned. The government has agreed to return the computers, computer-related equipment and disks, as well as any non-cloned cell phones, the pager, one set of keys (the government asserts that the other set was destroyed by Chicago police officers) and miscellaneous papers and documents, to Crenshaw's designee.

What remains at issue is $2,860.00 in cash and the 1992 Buick Roadmaster (VIN 1G4BN5373NR409429). On March 1, 2004, the United States Attorney submitted copies of two notices of forfeiture, one for the cash and a second for the vehicle, purportedly served upon Crenshaw by certified mail on or about June 1997 by the Cook County State's Attorney Forfeiture Unit. As this property was forfeited to state authorities, the United States Attorney has no obligation with respect to the cash or the Buick, and this court will dismiss Crenshaw's petition without prejudice in regard to those items.

Crenshaw will need to bring his claims to the money and the vehicle against the appropriate state officials. The court notes, in this connection, that the forfeiture notice directed to him appears to have been returned to the Cook County State's Attorney's office on July 25, 1997 as unclaimed. It appears from the parties' briefs that Crenshaw was in federal custody when this notice was sent. Due process requires that in any proceeding which will be accorded finality, notice must be given so as to apprise the interested parties of the pendency of the action and afford them an opportunity to present objections. *Krecioch v. United States*, 221 F.3d 976, 980 (7th Cir. 2000) (citing

3

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).) When determining whether the due process requirements have been met, the operative question is whether notice was adequate at the time it was sent. *Krecioch*, 221 F.3d at 980. Notice is not adequate if the notifying party knew or had reason to know that notice would be ineffective. *Id.*, citing *Sarit v. U.S. Drug Enforcement Admin.*, 987 F.2d 10, 13 (1st Cir. 1993). Further, notice of forfeiture by mail to the claimant's residence is not adequate if the government knows that the claimant will not receive it. *Krecioch*, 221 F.3d at 980. Where the claimant is incarcerated or in government custody, the ease of locating the claimant usually makes it unreasonable for the forfeiting agency not to locate him. Accordingly, the Seventh Circuit has held that "the government violates due process when it purposely mails notice of forfeiture to the claimant's residence knowing that the claimant is incarcerated or in federal custody." *Id.* at 980-81; *see also Robinson v. Hanrahan*, 409 U.S. 38, 40 (1972).

As noted earlier, the federal government does not answer for the action (or inaction) of state officials and is not, to this court's knowledge, responsible for any failure of notice of the forfeiture proceedings. The court notes, further, that if the state's administrative forfeiture is lifted, but Crenshaw has not yet paid any financial obligations imposed as part of his sentence, the court suspects the property may promptly be retaken in another forfeiture proceeding. *See Howell*, 354 F.3d at 695.

## CONCLUSION

Crenshaw's motion for return of property (Doc. 3-1) is granted with respect to those items the government has agreed to return; denied with respect to contraband, weapons, and/or ammunition; and dismissed without prejudice with respect to the cash and property. Crenshaw's motion to supplement (Doc. 14-1) is granted; his motion to strike the government's second supplemental response (Doc. 21-1) is denied. Crenshaw is directed promptly to notify the United

4

States Attorneys' office of the name, address, and contact information of his designee for the return of property. This court will retain jurisdiction to ensure enforcement of its order.

ENTER:

Dated: March 31, 2004

REBECCA R. PALLMEYER
United States District Judge